IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3042 |
| | ) | |
| JOHN KEITH, et al., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Motion for Award of Attorney Fees and Costs (d/e 51). Plaintiff David Lee brought this action, alleging that Illinois' ballot access requirements for independent candidates violated his First Amendment rights under the Constitution. On October 13, 2005, this Court granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. See Opinion entered October 13, 2005 (d/e 30). Judgment was entered in favor of the Defendants and against Plaintiff on that same day. On appeal, the Court of Appeals for the Seventh Circuit reversed this Court's judgment and remanded the case for entry of judgment for Plaintiff. Mandate of USCA

1

(d/e 44). In accordance with the Seventh Circuit's Mandate, this Court entered judgment in favor of Plaintiff and against the Defendants, and declared the combined ballot access requirements of 10 ILCS 5/10-3 as unconstitutional. See Text Order entered January 30, 2007; Amended Judgment (d/e 45). The Defendants have filed their Response (d/e 56) to the instant Motion for Award of Attorney Fees, rendering the matter ripe for decision. For the reasons set forth below, the Motion is allowed, in part, and denied, in part. The Court awards Plaintiff attorneys' fees in the amount of $63,100, consisting of $16,100 in attorney's fees for Daniel Johnson-Weinberger and $47,000 in attorney's fees for Olson, Hagel & Fishburn, LLP (OHF). The Court further awards Plaintiff his costs in the amount of $338.46.

## ANALYSIS

Plaintiff asks the Court to award him his fees under 42 U.S.C. § 1988, which allows the Court, in its discretion, to award "the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . in any action" or proceeding to enforce a number of civil rights statutes, including 42 U.S.C. § 1983. See 42 U.S.C. § 1988. Accordingly, to recover attorney's fees under § 1988, a plaintiff must be a prevailing party. Dupuy

2

v. Samuels, 423 F.3d 714, 719 (7th Cir. 2005) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Here, it is undisputed that Plaintiff is the prevailing party. Therefore, the issue is whether the hourly rates charged and the hours expended by trial and appellate counsel are reasonable.

In setting the amount of fees awarded, this Court must follow the "lodestar" method established by the Supreme Court in "Hensely . . . under which the [C]ourt begins with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Strange v. Monogram Credit Card Bank of Georgia, 129 F.3d 943, 945 (7th Cir. 1997) (internal quotations and citations omitted). "The fee claimant bears the burden of substantiating the hours worked and the rate claimed." Id. at 946. In submitting his fee request, a fee applicant must exercise billing judgment, which "consists of winnowing the hours actually expended down to the hours reasonably expended." Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 552 (7th Cir. 1999) (internal quotations omitted). Once the fee applicant has "submitted a lodestar [along with supporting documentation], the district court may increase or decrease the amount in light of the" factors outlined in Hensley, including "the time and labor required, skill

3

needed, amount involved and results obtained, time limitations imposed by the case, experience, and reputation and ability of the lawyers." Strange, 129 F.3d at 946. This Court has discretion not only to exclude hours that are "excessive, redundant or otherwise unnecessary", but also to disallow hours expended "on what are essentially 'clerical' or secretarial tasks." Small v. Richard Wolf Medical Instruments Corp., 264 F.3d 702, 708 (7th Cir. 2001) (quoting Hensley, 461 U.S. at 434); Spegon, 175 F.3d at 553.

The Court first turns to Plaintiff's request for attorney's fees in the amount of $16,850 on behalf of his trial counsel Johnson-Weinberger. In support of his fee request, Plaintiff has submitted trial counsel's billing statements and his Declaration (d/e 53). Johnson-Weinberger attests in his Declaration that he typically charges clients $200 per hour and that he spent a total of 83.25 hours litigating this action. Upon review of the billing details, the Court finds that Plaintiff has presented satisfactory evidence of attorney's fees in the amount of $16,100 on behalf of Johnson-Weinberger. The Court finds trial counsel's billing rate of $200 to be reasonable, but a portion of trial counsel's billable hours are found to be unreasonable and unnecessary, as discussed infra.

As noted earlier, this Court must disallow time spent on tasks that are

4

essentially clerical or secretarial in nature. The billing details submitted show that Johnson-Weinberger spent .5 hours on February 19, 2004, to file Plaintiff's Complaint with this Court. The task performed is clerical in nature, and so the Court disallows this time. The billing details further represent that Johnson-Weinberger billed 1.5 on February 23, 2004, hours to "[d]raft[] request for waiver of summons, delivering to State Board". Declaration of Johnson-Weingerber, Exh. A, Johnson-Weingerber Time Sheet. This task is primarily clerical in nature, and thus, the Court deducts .75 hours from the hours billed, allowing only .75 hours to be attributed to this task of drafting.

The time sheet represents that trial counsel spent .25 hours on February 25, 2004, to file a notice of request for waiver of summons, a task that appears to be purely clerical or administrative in nature. The Court accordingly deducts this time from the total hours requested. According to the time sheet, trial counsel billed 2 hours on May 7, 2004, to draft and file requests for waiver of summons. The Court eliminates 1.25 hours from the hours requested based on the fact that .75 hours would have been sufficient to perform this task, and the balance of the time spent was on clerical tasks.

Lastly, the time sheet represents that trial counsel expended 1.75

hours (from 5:15 p.m. to 7:00 p.m. on November 13, 2005) to prepare and file a notice of appeal. The Court's docket reveals that the notice of appeal was filed electronically at 5:56 p.m. on November 13, 2005. See Notice of Appeal (d/e 32). Trial counsel clearly could not have been working on the same task, in the same time zone, from 6:00 p.m. to 7:00 p.m., on that date.[1] The Court therefore deducts 1 hour from the hours claimed. Based on the above reasons, the Court allows a total of 80.5 hours, which equates to an award of $16,100 in attorney's fees for Johnson-Weinberger.[2] The Court next turns to Plaintiff's request for attorney's fees on behalf of his appellate counsel.

Plaintiff requests $90,588 in attorney's fees on behalf of his appellate counsel OHF. In support of his request, Plaintiff has submitted billing statements from OHF, as well as Richard Miadich's Declaration (d/e 52). The billing details represent that OHF expended a total of 403.65 hours in connection with the instant action. Upon review of the billing details of OHF, the Court finds that the hourly rates charged are reasonable, but the

---

[1] Trial counsel was located in Chicago, Illinois--which is in the same time zone as the Court in Springfield, Illinois.

[2] Attorney Johnson-Weinberger claimed 5055 minutes or 83.25 hours of work. However, 5055 minutes equates to 84.25 hours. From that the Court deducted 3.75 hours as outlined above, yielding 80.5 hours found to be reasonable.

Court further finds that a significant portion of the hours OHF claims is unreasonable and excessive.[3]

The Court notes that, in reviewing the billing details applicable to OHF, it is apparent that OHF has failed to exercise billing judgment. OHF has failed to exclude from its fee request hours that are excessive, redundant, or otherwise unnecessary. For instance, the time sheets reflect that appellate counsel Richard Miadich billed 2.6 hours on November 21, 2005, for legal research and for drafting the notice of appeal, which had already been filed on November 13, 2005, by attorney Johnson-Weinberger. <u>Declaration of Richard Miadich</u>, Exh. B, <u>OHF Time Sheets</u>.

Further, the time sheets indicate that OHF billed 298.3 hours for legal research and for drafting the appellate briefs. The hours claimed appear to be excessive in light of the fact that the 29-page opening brief contained approximately 21 pages of arguments with 23 case citations and the 14-page reply brief (consisting of approximately 11 pages of arguments) contained 18 case citations, of which 7 were not cited in the opening brief. Further, trial counsel had filed evidence of other states' statutes on the ballot access

---

[3]The Court notes that the hourly rates charged by the firm of OHF are as follows: (1) $335 per hour for partners, (2) $250 per hour for associates, and (3) $110 per hour for law clerks.

7

issue in question.[4]  In addition, the hours requested by OHF for the following tasks are excessive and unreasonable: (1) approximately 8 hours to prepare a docketing statement for the Seventh Circuit (which consist of 4.1 hours expended by Miadich and 3.75 hours expended by Johnson-Weinberger); (2) 30 hours to prepare for a 15-minute oral argument before the Seventh Circuit, not counting the 7$^+$ hours of travel to Chicago, Illinois, for oral argument before the Seventh Circuit (during which the attorney could presumably have also thought about oral argument); and (3) 5.7 hours to prepare a motion for extension of time, to which the Defendants did not object.  The Court believes that, had OHF exercised billing judgment, it could have performed the tasks in approximately half of the time actually claimed.  The Court therefore reduces the fee award to $47,000.

Plaintiff asks the Court to apply a multiplier of .5 to the lodestar amount based on the novelty and difficulty of the questions that were litigated.  The Seventh Circuit has stated that "multipliers that account for the risk of loss" are not appropriate in fee shifting cases and that after the Supreme Court's decision in City of Burlington v. Dague, "a fee is reasonable, or not, only in relation to the plaintiff's own case . . . ." Cole v.

---

[4]See Attachment 1 to Lee's First Motion for Summary Judgment (d/e 26).

Wodziak, 169 F.3d 486, 488-89 (7th Cir. 1999); See Dague, 505 U.S. 557 (1992). "In [Dague] . . . the Supreme Court has held that when granting attorney's fees under the fee-shifting provisions of the Solid Waste Disposal Act and the Clean Water Act, courts may not enhance a fee award above the lodestar amount to reflect risk of loss or contingency." Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 564 (7th Cir. 1994). The Seventh Circuit has stated that "[t]he fee-shifting provisions in the statutes in *Dague* are 'typical of most federal fee-shifting provision,' and the decision has been interpreted to preclude generally the use of risk multipliers in fee-shifting cases." Id. In light of the foregoing reasons, the Court sees no basis to increase the lodestar amount in the instant fee-shifting case.[5] Plaintiff's request to apply a multiplier of .5 to the lodestar amount is denied.

Lastly, Plaintiff requests $338.46 in costs. See Bill of Costs (d/e 54). On January 12, 2007, the Seventh Circuit issued a mandate for costs in favor of Plaintiff in the amount of $338.46. In accordance with the

---

[5]The Court notes that, in support of his argument, Plaintiff cites Price v. Marshall Erdman & Associates, Inc., 966 F.2d 320 (7th Cir. 1992). Plaintiff's reliance on Price is misplaced. The Price Court stated that "[m]ultipliers are appropriate, to reflect the risk of losing the case and not being paid at all, but only in cases in which a contingent fee is infeasible." Id. at 328. As the Defendants point out, however, the Price Court did not address the propriety of multipliers in cases such as the instant one where a contingent fee, in effect, exists through a fee shifting statute (namely § 1988). Price is not applicable here.

Mandate, the Court awards Plaintiff $338.46 in costs.

THEREFORE, for the reasons set forth above, Plaintiff's Motion for Award of Attorney Fees and Costs (d/e 51) is ALLOWED, in part, and DENIED, in part. The Court awards Plaintiff attorneys' fees in the amount of $63,100, consisting of $16,100 in attorney's fees for Daniel Johnson-Weinberger and $47,000 in attorney's fees for Olson, Hagel & Fishburn LLP. The Court further awards Plaintiff costs in the amount of $338.46, in accordance with the Mandate of the Seventh Circuit. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: July 23, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE